**No. 51722.**—Protest 118663–K of Paramount Distillers, Inc. (Cleveland).

Opinion by CLINE, J.  It was stipulated that the merchandise and issues herein are similar in all material respects to those involved in *United States* v. *Somerset* (33 C. C. P. A. 138, C. A. D. 328), and that a quantity of liquor amounting to 10 percent or more of the total contents of barrels numbered 4, 16, 25, 27, 49, 53, 67, 88, 101, 121, 122, 136, 137, 142, 153, 154, 160, 164, and 194, was lost in transit from the port of exportation to the port of destination due to breakage, leakage, or damage.  In accordance therewith it was held that an allowance should have been made for the loss appearing upon the gauger's return as verified by the affidavit of the importer.  The protest was sustained to this extent.

**No. 51723.**—Protest 119747–K of Siegfried Loewenthal Co. (Cleveland).

Opinion by CLINE, J.  It was stipulated that the merchandise and issues herein are similar in all material respects to those involved in *United States* v. *Somerset* (33 C. C. P. A. 138, C. A. D. 328), and that a quantity of liquor amounting to 10 percent or more of the total contents of barrels numbered 2, 3, 5, 7, 11, 12, 13, 18, 20, 21, 22, 23, 25, 26, 27, 34, 37, 46, and 49, was lost in transit from the port of exportation to the port of destination due to breakage, leakage, or damage.  In accordance therewith it was held that an allowance should have been made for the loss appearing upon the gauger's return as verified by the affidavit of the importer.  The protest was sustained to this extent.

**No. 51724.**—Protest 120083–K of Old Monastery Co. (Seattle).

Opinion by CLINE, J.  It was stipulated that the merchandise and issues herein are similar in all material respects to those involved in *United States* v. *Somerset* (33 C. C. P. A. 138, C. A. D. 328), and that a quantity of liquor amounting to 10 percent or more of the total contents of certain barrels was lost in transit due to breakage, leakage, or damage.  In accordance therewith it was held that an allowance should have been made for the loss appearing upon the gauger's return as verified by the affidavit of the importer.  The protest was sustained to this extent.

**No. 51725.**—Petition 6566–R of Balfour, Guthrie & Co., Ltd. (Philadelphia).

Opinion by CLINE, J.  The petition was dismissed.